SINK et al. v. THE SIKES CO.

(Circuit Court, E. D. Pennsylvania. January 14, 1905.)

No. 30.

1. MASTER AND SERVANT—INJURIES TO SERVANT—DEFECTIVE MACHINERY—AS-
SUMED RISK.

Where an immature servant was not aware of the unusual danger re-
sulting to him from the defective condition of a saw at which he was
directed to work, he did not assume the risk thereof.

2. SAME—QUESTION FOR JURY.

In an action for injuries to an immature servant caused by defective
machinery, evidence *held* to require submission of the question of de-
fendant's negligence to the jury.

Granting a New Trial.

Thomas James Meagher, for plaintiffs.

John O. Bowman, for defendant.

HOLLAND, District Judge. In this case there was evidence tend-
ing to show that the circular saw upon which the plaintiff was assigned
to work was out of repair, as a result of which it was rendered con-
siderably more dangerous to operate than machinery of this class
usually is when kept in proper working condition. There is nothing
to show that this boy was aware of the unusual danger resulting from
this construction of the saw, and of course was not required to take
other risks than those incident to the operation of machinery of that
kind when in good repair. Other employés, of mature age and ex-
perience, had shortly prior worked upon this saw, and discovered this
defective condition and reported it to the foreman.

It appears that the frame upon which it was mounted had been
jarred loose from the floor, and instead of bolting it down it was tied
with a rope. As a result of this and other reasons unexplained the
saw wabbled laterally at times, and it was as a result of one of these
jerks or lateral wabbles that the plaintiff received the injury. When
this defective condition was reported to the foreman he simply said
the saw was "all right," and directed the employé to proceed with his
work. This could not be a structural defect with which the em-
ployer was not acquainted and for which he was not responsible. As
a matter of fact it was a defect resulting from the lack of repair, and
it was reported to him, and instead of repairing it the evidence shows
he simply asserted that there was nothing wrong with the machine;
and subsequent to the fact of this having been called to his attention
the plaintiff, inexperienced in that sort of work, was placed at work
on this machine in the defective condition, and as a result the injury
occurred.

We are of the opinion that the court was clearly wrong in entering
a nonsuit, in view of the evidence as it stood at the time the motion

¶ 1. Assumption of risk incident to employment, see note to Chesapeake &
O. R. Co. v. Hennessey, 38 C. C. A. 314.

See Master and Servant, vol. 34, Cent. Dig. § 603.

was made. The rule that an employer is only required to furnish the best-known machinery of the class in question was inapplicable to the facts upon which the nonsuit was entered.

Motion for a new trial sustained.